UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DANIEL WHITE, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>MSCB, Inc., )<br>)<br>Defendant. )<br>) | Civil No. 3:18-cv-00042-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Daniel White brings this action to determine the constitutionality of Kentucky Revised Statute § 404.040. This statute codifies the antiquated common law "necessaries doctrine," creating legal liability in a husband for his wife's debts incurred before or after marriage. Kentucky has no similar statute creating liability in a wife for her husband's debts, nor does Kentucky have statutes creating liability for spouses of same sex couples. Mr. White alleges this statute violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He has presently sued MSCB, Inc. for attempting to collect from him a debt incurred by his wife. Today, this Court considers Defendant's Motions to Dismiss [R. 8; R. 16] and Plaintiff's Motion to Amend Complaint [R. 10]. For the following reasons, Plaintiff's Motion to Amend Complaint will be DENIED, and Defendant's Motions to Dismiss will be GRANTED.

**I**

Plaintiff Daniel White initiated this suit in August, 2018 seeking damages for violations of the Fair Debt Collection Practices Act. [R. 1 at ¶ 1.] Specifically, Mr. White alleges that debt

collector Defendant MSCB, Inc. violated the FDCPA by attempting to collect a debt from him he did not owe. [R. 1 at ¶ 6–7.] Mr. White is married to Tammy Jean White. *Id.* at ¶ 14. At some point, Mrs. White received medical treatment from Jewish Hospital Shelbyville, and incurred medical debt. On March 2, 2018, MSCB sent Mr. White a "dunning" letter in an attempt to collect the debt Mrs. White incurred while at Jewish Hospital Shelbyville. [R. 1 at ¶ 6.] At no point has Mr. White ever agreed to be guarantor or obligor for the debt, nor has he assumed the debt. [R. 1 at ¶ 13.]

Nevertheless, MSCB has attempted to collect the balance for Mrs. White's medical bills from Mr. White, based on Kentucky's "necessaries" statute. *See* K.R.S. § 404.040. In so doing, Mr. White argues that MSCB has violated FDCPA. More specifically, Mr. White argues that KRS 404.040 is facially unconstitutional, and therefore MSCB may not hide behind it in order to validate what would otherwise be unfair debt collection practice. According to Mr. White, MSCB's reliance on KRS 404.040 amounts to "misrepresenting the legal status of the debt[.]" [R. 1 at ¶16.] MSCB argues that the Kentucky law is valid, and therefore they cannot be held liable for unfair debt collection practices.

## II

### A

This Court first turns to Mr. White's Motions for Leave to Amend/Correct his Complaint. Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave

to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Mr. White's proposed First Amended Complaint differs from his original complaint in that it contains several additional assertions of fact. [R. 10-1.] In his Amended Complaint, Mr. White more clearly sets out the relationship between Jewish Hospital Shelbyville, KentuckyOne Health, and KentuckyOne Health, Inc., thereby fleshing-out his argument that "MSCB violated the FDCPA by . . . failing to identify the correct original creditor in its initial communication with Mr. White. [R. 10-1 at ¶¶ 15–18.] The Amended Complaint also alleges, rather than implies, that MSCB in fact relied on KRS 404.040 to justify seeking repayment of Mrs. White's debt from Mr. White. [R. 10-1 at ¶25.] Finally, Mr. White sets forth the bases upon which he believes this Court should find K.R.S. 404.040 facially unconstitutional. *Id.* at ¶¶25–28.] Though Claims for Relief and Prayer for Relief are identical to his initial complaint, in the Introduction Mr. White makes it clear that he seeks "declaratory relief that KRS 404.040 is unconstitutional," which is another item not including in his initial complaint. *Id.* at ¶1.

MSCB opposes Mr. White's request to file an amended complaint because it claims that his Proposed Amended Complaint could not survive a motion to dismiss. [R. 11; R. 16.] A court has leave to deny an amendment if that amendment would be futile. *Foman*, 371 U.S. at 182. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). Thus, this Court turns to whether Mr. White's Proposed First Amended

Complaint would survive a motion to dismiss under Rule 12(b)(6).

B

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint.  In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Mr. White essentially claims that MSCB violated the FDCPA by attempting to collect a debt from him that he does not owe.  MSCB relied on KRS § 404.040 to determine that Mr. White was responsible for the debts of Mrs. White.  Mr. White urges this Court to find KRS § 404.040 unconstitutional, and thus find the defendant violated the FDCPA by attempting to collect debt in reliance on the state statute.  Secondarily, Mr. White's amended complaint alleges that MSCB violated FDCPA because it's March 2, 2018 dunning letter failed to properly identify the creditor to whom the debt incurred by Mrs. White is actually owed.  [R. 10-1 at ¶ 15–19.]

1

When a plaintiff brings a claim for violation of the FDCPA, the plaintiff must establish that he or she is a "consumer" as defined by the FDCPA, that the debt arose from personal,

family, or household transactions, that the defendant is a debt collector as defined by the FDCPA, and that the defendant violated prohibitions of the FDCPA. *Bauman v. Bank of America, N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015) (citing *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)). Mr. White has alleged these items. [R. 10-1 at ¶3–5, 30.] MSCB does not contest that Mr. White is a consumer, that the debt arose from personal, family, or household transactions, or that they are debt collectors, but it denies violating prohibitions of the FDCPA.

a

Pursuant to §§ 1692e and 1692f, the FDCPA prohibits any debt collector from asserting a "false, deceptive, or misleading representation," and from using an "unfair or unconscionable means" in the attempt to collect a debt. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1410 (2017). The right to collect payment is usually based on state law. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) (citing *Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450–51 (2007)). Here, MSCB attempted to collect a debt from Mr. White, incurred by Mrs. White, based on a state statute allowing it to do so. The only reason Mr. White claims this practice was false, deceptive, misleading, unfair, or unconscionable is because he believes KRS § 404.040 is facially unconstitutional. [R. 10-1 at ¶25–30.]

Kentucky's necessaries statute states: "The husband shall not be liable for any debt or responsibility of the wife contracted or incurred before or after marriage . . . but he shall be liable for necessaries furnished to her after marriage." K.R.S. § 404.040. At common law, "necessaries" included such items as food, shelter, and medicine. Kentucky does not have a reciprocal statute creating liability in wives for their husband's debts, nor has any Kentucky Court interpreted K.R.S. § 404.040 to be applicable to both spouses. Notably, Kentucky is the

5

last state to have a codified version of the necessaries doctrine, and has been for twenty-one years, since Oklahoma's appellate court abrogated its necessaries doctrine statute in 1998. *See Account Specialists & Credit Collections, Inc. v. Jackman*, 970 P.2d 202 (Ok. Ct. App. 1998).

However, even if K.R.S. § 404.040 is facially unconstitutional, it does not automatically follow that MSCB has violated the FDCPA by adhering to it, because the FDCPA is not concerned with authorized methods of collecting debts. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). MSCB relies on a current state statute to justify seeking repayment from Mr. White, and so it cannot be said that MSCB has made a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. Reliance on a state statute is also not "unfair or unconscionable means" of collecting a debt. Finally, this Court has already decided, in another case involving Mr. White, that § 404.040 "requires Mr. White to be legally responsible for all of Mrs. White's debt." *Daniel White v. Universal Fidelity, LP, et al.*, No. 3:17-cv-00044 (E.D. Ky Feb. 16, 2008). Any determination of unconstitutionality would not apply retroactively to MSCB. *Id.* Thus, as the law stands now, no facts in Mr. White's complaint are, even if accepted as true, enough to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

b

The FDCPA requires debt collectors to "send the consumer a written notice" containing, among other information, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Additionally, § 1692e prevents debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In providing notice in compliance with § 1692g, the debt collector should consider "the least sophisticated consumer." *Stratton v. Portfolio Recovery*

*Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014).  "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."  *Id.* (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).  In light of that standard, Courts have found § 1692g(a) is satisfied where the debt collector has stated the required information "clearly enough that the recipient is likely to understand it."  *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

Here, Mr. White takes issue with MSCB's identification of the creditor as "Jewish Hospital Shelbyville."  According to Mr. White, identification of the creditor as Jewish Hospital Shelbyville is "either false or an unlawful attempt to collect a debt" because "as stated in MSCB's April 9 debt-validation response, KentuckyOne Health, Inc. is the actual creditor."  [R. 9 at 19.]  "Jewish Hospital Shelbyville" is apparently an assumed name for KentuckyOne Health, Inc., but it is an inactive Kentucky assumed-name corporation, which Mr. White contends "means that it may not conduct business in the Commonwealth."  *Id.*

Mr. White cites no authority for this proposition, nor the proposition that a creditor must always identify itself by its name of incorporation as opposed to its commonly used trade name.  As MSCB points out, such a requirement would elevate form over substance, because often the "least sophisticated consumer" will be more familiar with an entity's trade name.  [R. 11 at 7.]  The Federal Trade Commission, which is the agency charged with administration of the FDCPA, has issued guidance stating as much.  Federal Trade Commission, *Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collections Practices Act*, 53 Fed. Reg. 50097 (1988) (debt collector may identify itself by "the name under which it usually transacts business").  Therefore, Mr. White has not stated a claim upon which relief can be granted.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

7

U.S. 544, 570 (2007)).

## C

Finding that Mr. White's Proposed Amended Complaint can not survive a 12(b)(6) motion to dismiss, the Court turns to MSCB's Motion to Dismiss Mr. White's Original Complaint. [R. 8.] The foregoing analysis applies equally to that pleading, because the Proposed Amended Complaint simply adds on to Mr. White's Original Complaint. [*Compare* R. 1 *with* R. 10-1.] In his Proposed Amended Complaint, Mr. White more clearly sets out the relationship between Jewish Hospital Shelbyville, KentuckyOne Health, and KentuckyOne Health, Inc. and more fully explains his argument about the dunning letter. [R. 10-1 at ¶¶ 15–18.] The Proposed Amended Complaint also alleges, rather than implies, that MSCB in fact relied on KRS § 404.040 to justify seeking repayment of Mrs. White's debt from Mr. White. [R. 10-1 at ¶25.] Finally, Mr. White sets forth the bases upon which he believes this Court should find K.R.S. § 404.040 facially unconstitutional. If the Amended Complaint, with its added facts and enhanced specificity, cannot survive a Motion to Dismiss, then neither should Mr. White's Original Complaint. Accordingly, MSCB's Motion to Dismiss [R. 8] will be GRANTED.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant MSCB, Inc.'s Motions to Dismiss [**R. 8; R. 16**] are **GRANTED**;

2. Plaintiff Daniel White's Motion for Leave to Amend/Correct Complaint [**R. 10**] is **DENIED**;

3. This matter is **STRICKEN** from the Court's Docket; and

4. Judgment shall issue promptly.

This the 29th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge

0